**Eduard DEDJA, a.k.a. Saimir Mema, Petitioner,**

v.

**Michael MUKASEY, Attorney General of the United States, Respondent.**

No. 07–5238–ag.

United States Court of Appeals, Second Circuit.

Sept. 19, 2008.

Orest Bezpalko II, Bezpalko & Associates, P.C., Philadelphia, PA, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Christopher C. Fuller, Senior Litigation Counsel, Ada E. Bosque, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. JOSÉ A. CABRANES and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner, Eduard Dedja, a native and citizen of Albania, seeks review of a September 28, 2007 order of the BIA affirming the October 13, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] *In re Dedja,* No. A 97 478 513 (B.I.A. Sept. 28, 2007), *aff'g* No. A 97 478 513 (Immig. Ct. N.Y. City Oct. 13, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.

---

1. Although Dedja is challenging the denial of relief in "asylum-only" proceedings, as opposed to an actual removal order, this Court nonetheless has jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. INS,* 448 F.3d 129, 134 (2d Cir.2006).

2005). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *Passi v. Mukasey,* 535 F.3d 98, 100–01 (2d Cir.2008).

Substantial evidence supports the agency's determination that country conditions in Albania have significantly changed such that Dedja does not have a well-founded fear of persecution.[2] *See* 8 C.F.R. § 1208.13(b)(1)(i). Contrary to Dedja's argument that the IJ relied only on generalizations about conditions in Albania, the agency conducted an individualized assessment of how the Democratic Party's victory in the 2005 elections would impact him because it relied on his own testimony that when that party was previously in power, he encountered no difficulties. Moreover, Dedja's argument ignores our prior holding that the agency need not enter specific findings regarding changed country conditions where "changed conditions evidently prevail in a country that is the subject of an appreciable proportion of asylum claims," such as Albania. *See Hoxhallari v. Gonzales,* 468 F.3d 179, 187 (2d Cir. 2006); *cf. Passi,* 535 F.3d at 102–03 (finding that an individualized analysis was required concerning political changes in Congo because, unlike in *Hoxhallari,* the regime that allegedly persecuted the petitioner was still in power and "there is no indication that Congo is the source of an appreciable proportion of asylum claims"). Although Dedja presented some evidence describing incidents of violence perpetuated against individuals involved in Democratic Party in the immediate aftermath of the elections, that evidence does not compel us to reach a conclusion contrary to that of the agency in light of his testimony that he had no problems when the party was previously in power. *See Manzur,* 494 F.3d at 289.

Because Dedja was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on his claims for withholding of removal and CAT relief where those claims were based upon the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Kyaw Zwar Tun v. INS,* 445 F.3d 554, 567 (2d Cir.2006) (holding that torture is "something more severe than the kind of treatment that would suffice to prove persecution").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

**2.** Because Dedja does not challenge before this Court the agency's denial of "humanitarian asylum" under 8 C.F.R. § 1208.13(b)(1)(iii), any such challenge is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Contrary to the government's assertion, however, Dedja did not waive any challenge to the agency's denial of CAT relief because he specifically asserts in his brief before this Court that record evidence demonstrates his eligibility for that relief.